## LENGTH OF TERM OF JUSTICE OF THE PEACE IN A NEWLY CREATED TOWNSHIP.

Circuit Court of Cuyahoga County.

STATE OF OHIO, EX REL M. J. PENTY, V. A. H. HANSEN.

Decided, January 24, 1910.

*Justice of the Peace in New Township—Term of.*

A justice of the peace elected in a new township at a special election held on a day fixed by the common pleas court, pursuant to Section 566, Revised Statutes, holds office until the election of a successor at the first general township election thereafter held.

*Mathews & Orgill,* for relator.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Relator by his application in this case represents that he was duly elected to the office of justice of the peace in and for the township of Corlett, Cuyahoga county, Ohio, at the November election, 1909, and has qualified by giving bond which has been approved, and has received his commission as such justice of the peace and recorded the same with the clerk. He further represents that the defendant is unlawfully holding said office and excluding the relator therefrom.

It appears that the township of Corlett was duly created as a new township May 4, 1907, whereupon, pursuant to Section 566 of the statutes, the Common Pleas Court of Cuyahoga County determined that there should be one justice of the peace for said township, and fixed the 25th of May, 1907, as the day for his election. Upon said day the defendant was duly elected justice of the peace for Corlett township, and the question in this case is, for how long a term was he elected?

The statutes regulating such matters are somewhat indefinite and inconsistent, because after the amendment of the Constitution in November, 1905, changing the term of office of a justice of the peace from three years to such even number of years not exceeding four years as may be prescribed by the General

Assembly, the latter failed to amend all of the sections of the statutes bearing upon this matter, but did amend Sections 567 and 1442 in such manner as to provide that justices of the peace should be chosen for a term of four years the first Monday in November in the odd numbered years, and that their terms of office should commence on the first day of January next after their election. No change was made in Section 566, and in order that the general scheme of elections as outlined by the constitutional amendment and the amendments of the statutes which the General Assembly did make pursuant thereto may be carried out, so that township and municipal officers, including justices of the peace, shall be elected only at the November election in the odd numbered years, we are required to hold, as we do, that Section 566, which authorizes a special election to be held on a day to be fixed by the common pleas court, simply provides for the election of a justice of the peace to hold office until one can be elected at the first general township election thereafter held.

So interpreting the statute it would seem that defendant's term would have expired on January 1, 1908, and that at the November election in 1907, a justice of the peace should have been elected in Corlett township to hold office for four years from January 1, 1908. No such election was held, however, until the November election, 1909, at which time the relator was duly elected, and we hold that his term began on January 1, 1910, and will continue for four years.

It follows that the relief prayed for by the relator should be granted.

Judgment of ouster of the defendant and induction into office of the relator.